# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-134-GCM

| | |
|---|---|
| NARESH C. ARORA AND SUDHA ARORA, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     **ORDER**<br>) |
| REUBEN DANIELS, JR., ET AL., | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss for Lack of Prosecution (Doc. No. 47) and Joint Motion to Dismiss for Lack of Prosecution (Doc. No. 50) (together, "Motions"). Plaintiffs filed their Complaint (Doc. No. 1) on March 17, 2017. Plaintiffs' most recent filing was on October 11, 2017. (Doc. No. 39). On April 2, 2018, the Court instructed Plaintiffs that they had sixty days to properly serve Defendants Brown and Coyle or the Court would dismiss their claims against those Defendants. (Doc. No. 41). Plaintiffs did not respond. The Court then ordered Plaintiffs to show cause within fourteen days of August 24, 2018 why those claims should not be dismissed. (Doc. No. 43). After the Plaintiffs declined to respond to that Order, the Court dismissed those claims on December 6, 2019, resolving the pending Motions to Dismiss (Doc. No. 19, 22, 24, 26).

Upon resolution of the Motions to Dismiss, the parties were required to conduct an "Initial Attorney's Conference" ("IAC") by December 20, 2019. *See* LCvR 16.1(a),(d) (2017) (requiring an IAC within fourteen days of "joinder of the issues," which occurs when the final answer to a complaint has been filed or when the Court resolves any pending Rule 12 motions). Pursuant to that requirement, Defendants mailed two letters to Plaintiff requesting that they confer and conduct

an IAC. (Doc. Nos. 49-1, 49-2). Plaintiffs never responded. (Doc. No. 49, at 2, 3). After resolving the Motions to Dismiss, the Court also Ordered the parties to file a status report by December 20, 2020. (Doc. No. 45). While Defendants filed a status report on December 20, 2019, (Doc. No. 49), Plaintiffs did not respond to Defendants' request to confer about Defendants' status report and did not file a status report of their own, (Doc. No. 39, at 2, 3).

Federal Rule of Civil Procedure 41(b) permits a Court to dismiss a case where "the plaintiff fails to prosecute or to comply with [the] rules or a court order." The Fourth Circuit has "identified four criteria that guide a district court's discretion in dismissing a case under Rule 41(b). Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019). Such an exercise should weigh: '(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.' *Id.* (citation omitted).

Here, Plaintiff is proceeding pro se, and, therefore, bears the entire responsibility of prosecuting the case. *See Feagin v. Blockbuster, Inc.*, 3:09-cv-00532-RJC, 2016 WL 3148390, at *2 (W.D.N.C. June 2, 2016). Further, the events underlying Plaintiffs' allegations occurred almost five years ago, (Doc. No. 1), and Plaintiffs' delay prejudices Defendants' ability to defend against Plaintiffs' claims as "[m]emories fade and witness[es] become unavailable." *See Medlin v. Trull*, No. 3:03CV269, 2006 WL 435941, at *2 (W.D.N.C. Feb. 21, 2006). Plaintiff also has a drawn-out history of delay, declining to respond to the Court or to Defendants for more than twenty months and otherwise taking no action since October 11, 2017, more than two years ago. The Court does not believe a less drastic sanction than dismissal would be effective, because of the lengthy period of Plaintiffs' non-responsiveness. Thus, under the Fourth Circuit's criteria, dismissal under Rule 41(b) is appropriate.

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motions are **GRANTED** and this case is **DISMISSED** without prejudice. The Clerk of Court is directed to close this civil case.

Signed: January 7, 2020

Graham C. Mullen
United States District Judge